# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL EUGENE MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 14-1032-CV-W-HFS-P |
| ) | |
| RONDA PASH, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions of second-degree assault on a law enforcement officer, resisting a lawful stop, and first-degree tampering with a motor vehicle which were entered in Clay County, Missouri, and Caldwell County, Missouri. He was sentenced to consecutive sentences of fifteen, ten, and six years' imprisonment. Petitioner filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, which was denied in *Marshall v. State*, 419 S.W. 3d 157 (Mo. Ct. App. 2014). Respondent's Exhibit E.

Petitioner asserts four (4) grounds for relief : (1) ineffective assistance of guilty plea counsel for failing to adequately advise him that the Circuit Court of Clay County did not accept binding plea agreements; (2) ineffective assistance of guilty plea counsel for coercing petitioner into pleading guilty by failing to investigate the case against him and interview alibi witnesses; (3) ineffective assistance of guilty plea counsel for failing to alert the court to alleged inaccurate information in the sentencing assessment report; and (4) the charging document was deficient because Officer Danny Logan provided a false statement. Respondent contends that Grounds 1

and 2 are without merit and that Grounds 3 and 4 are procedurally barred.

## **FACTUAL BACKGROUND**

In affirming petitioner's conviction and sentence, the Missouri Court of Appeals set forth the following facts:

> On May 22, 2008, [petitioner] appeared before the Circuit Court of Clay County and entered a plea of guilty to the Class C felony of second-degree assault of a law enforcement officer, the Class D felony of resisting a lawful stop or detention, the Class B misdemeanor of second-degree property damage, and the Class C felony of first-degree tampering. In exchange for [petitioner]'s plea, the State agreed to recommend concurrent sentences, to dismiss two counts of resisting arrest, and to not file an additional tampering charge or prosecute any traffic offenses.
>
> The underlying charges stem from an incident which occurred during the early morning of August 16, 2007, in which an individual attempted to force open a soda vending machine at a Wal-Mart in Higginsville, fled in a vehicle at a high rate of speed, and continued his flight in a stolen vehicle after his own vehicle was disabled by law enforcement officers.
>
> At [petitioner]'s plea hearing, the court explained to [petitioner] his constitutional rights, including his right to a trial by jury, and [petitioner] acknowledged that he understood his rights. The court read [petitioner] the charges against him and explained that he would be subject to an enhanced potential punishment because the State intended to present evidence that he was a prior and persistent offender. The court informed [petitioner] of the range of punishment on the various charges, and [petitioner] confirmed that he had discussed the range of punishment with his plea counsel. The court then questioned [petitioner] on whether he understood the non-binding nature of his plea deal with the State:
>
>> [The Court]: Do you understand there is no such thing as a binding plea agreement in this circuit?
>>
>> [Petitioner]: Yes, Sir.
>>
>> [The Court]: And do you understand that you're in one sense pleading straight up to the court, or it's an open plea or whatever the phrase you're familiar with?
>>
>> [Petitioner]: Yes.

> [The Court]: So, you understand I can sentence you to anything within the range of punishment, and that the sentences can run concurrently or consecutively, and that's going to depend on the sentencing assessment report, do you understand that?
>
> [Petitioner]: Yes, I do.

Plea Tr. 12:3-15. After acknowledging that the State's recitation of the facts supporting the charges was correct, [petitioner] confirmed that he was guilty of the offenses charged.

The State then recited the terms of his plea agreement. [Petitioner] affirmed that he understood and agreed with the terms of the agreement as presented by the State.

At [petitioner]'s sentencing hearing, the State recommended that he receive concurrent sentences of 15 years for the assault of a law enforcement officer, 15 years for tampering, seven years for resisting a lawful stop, and six months for property damage. [Petitioner] was deemed to be a prior and persistent offender, having previously been convicted of seven separate felonies and five misdemeanors, resulting in seven prior incarcerations. The trial court sentenced [petitioner] to terms of 15 years for assault with a concurrent three-month sentence for property damage, plus a consecutive ten-year sentence for tampering, and a consecutive six-year sentence for resisting a lawful stop. Under the sentences imposed by the court, [petitioner] faced a total term of imprisonment of 31 years, rather than the 15 years the State had recommended.

[Petitioner] filed a *pro se* and amended Rule 24.035 motion, alleging that his plea counsel misrepresented to him that the plea agreement required the court to give him concurrent rather than consecutive sentences. Additionally, [petitioner] alleged that his plea counsel failed to adequately investigate the charges against him prior to his plea.

Following an evidentiary hearing, at which [petitioner] and his plea counsel were the sole witnesses, the motion court entered a judgment denying [petitioner]'s request for post-conviction relief. The judgment found that [petitioner]'s claim that he was misadvised concerning the nature of the plea agreement was "refute[d]" by the transcript of his plea proceeding, which reflected that "the Court explained that sentences may be imposed concurrently or consecutively depending on the Sentencing Assessment Report," and that "the Court made clear to [petitioner] at various times that the plea of guilty was not binding, was an open plea and that his plea of guilty was 'straight up' to the Court." With respect to [petitioner]'s claim that plea counsel failed to adequately investigate his case, the motion court credited

3

counsel's testimony that he "was never given the names" of witnesses [petitioner] claims he should have contacted, and that "he investigated the issues in the case thoroughly."

Resp. Ex. E, pp. 3-5.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUNDS 1 AND 2

Petitioner asserts that plea counsel was ineffective for (1) failing to adequately advise petitioner that the Circuit Court of Clay County did not accept binding plea agreements and (2) coercing petitioner into pleading guilty by failing to investigate the case against him and interview alibi witnesses.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v.*

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Washington*, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The Missouri Court of Appeals for the Western District found that the motion court's judgment was supported by the record, explaining:

> Here, [] counsel testified at the evidentiary hearing that he understood the nature of a non-binding plea agreement, and explained the nature of such an agreement to [petitioner]. Further, [petitioner]'s petition to enter plea of guilty expressly acknowledged the nature of the plea agreement. Moreover, at his plea hearing the court explained in detail its power to impose consecutive sentences, that its decision whether to impose consecutive or concurrent sentences would depend on the sentencing assessment report, and that [petitioner] would not be permitted to withdraw his plea if he disagreed with the contents of that report. In these circumstances, the motion court did not clearly err in rejecting [petitioner]'s claim that he relied on an erroneous assurance of counsel that he was guaranteed concurrent sentences.
>
> ***
>
> [Petitioner's second] claim is that his attorney failed to investigate potential alibi witnesses, including his mother. [Petitioner]'s plea counsel testified at the evidentiary hearing that he had asked [petitioner] for alibi information, but that [petitioner] had not provided him with an alibi or any potential alibi witnesses. He also had no notes or memory of being asked to speak with [petitioner]'s mother or employer regarding his whereabouts on the day in question. The motion court was free to believe the testimony of [petitioner]'s plea counsel over that of [petitioner]. *Wills v. State*, 321 S.W.3d. 375, 380 (Mo. App. W.D. 2010). The fact that [petitioner] never gave counsel any alibi information, despite counsel's explicit request for such information, excuses counsel's failure to investigate a potential alibi: "The

5

reasonableness of investigation depends significantly on the information provided by the defendant, and trial counsel can reasonably rely on a defendant's statements (or lack thereof in a situation where he would be expected to speak) in determining what investigation to conduct and what defenses to pursue." *Gleason v. State*, 329 S.W.3d 714, 717-18 (Mo. App. S.D. 2010). Because [petitioner]'s attorney was not given notice that an alibi witness existed for [petitioner] and, in fact, no such witnesses testified during his evidentiary hearing, the motion court did not err in rejecting this claim.

Resp. Ex. E, pp. 9-15.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier to any subsequent collateral proceedings." *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir.1997) (internal citations omitted); *see also Blackledge v. Allison,* 431 U.S. 63, 74 (1977). Petitioner repeatedly acknowledged that he understood that the plea agreement was not binding upon the court and that the court was free to sentence him to any sentence permitted by law. Petitioner testified that his attorney had investigated the case, that he told his attorney everything he needed to know about the case, and that he was satisfied with plea counsel's services and advice. Further, petitioner acknowledged that he understood that by pleading guilty he was waiving his right to trial, including his right to call witnesses to testify on his behalf. Resp. Ex. B, pp. 38-40, 52-53. Therefore, the state court's factual determinations were reasonable, and petitioner has not demonstrated, by clear and convincing evidence, that these factual findings were not supported by the record.

The deference owed to the state trial court pursuant to § 2254(e)(1) includes deference to its credibility determinations, and a federal court can only grant habeas relief if the state court's credibility determinations were objectively unreasonable based on the record. *Smulls v. Roper,* 535 F.3d 853, 864 (8th Cir. 2008). The decision of the Missouri Court of Appeals is reasonable

and therefore is entitled to deference under § 2254(d). The trial court was entitled to believe the testimony of guilty plea counsel and the statements on the record that petitioner understood the terms of the plea agreement. Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2); Mo. Rev. Stat. § 558.021(1)(3), Grounds 1 and 2 will be denied.

## **GROUNDS 3 AND 4**

In Ground 3, petitioner claims ineffective assistance of guilty plea counsel for failing to alert the court to alleged inaccurate information in the sentencing assessment report. In Ground 4, petitioner claims that the charging document was deficient because Officer Danny Logan provided a false statement. Respondent contends that Grounds 3 and 4 are procedurally barred and that petitioner cannot demonstrate cause to overcome his default.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan* at 1381.

7

Although petitioner included Grounds 3 and 4 in his amended post-conviction motion, he failed to re-assert these arguments in his post-conviction appeal. As such, Grounds 3 and 4 are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner does not allege cause for his procedural default. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) ("petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified"). Moreover, insofar as petitioner claims that his post-conviction appellate counsel caused the default, ineffective assistance of post-conviction appellate counsel does not constitute legally sufficient cause permitting a claim to be raised in federal court. *Coleman v. Thompson, 501 U.S. 722, 752-57 (1990); Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Further, petitioner makes no showing, based on new evidence, that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Because petitioner fails to establish cause for his procedural default, grounds 3 and 4 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling

8

on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

        /s/ Howard F. Sachs  
        HOWARD F. SACHS  
        UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 6, 2015.